UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE BUCKLO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | MAGISTRATE JUDGE MASON |
| | ) | |
| v. | ) | No.    08 CR 151 |
| | ) | |
| | ) | Judge Elaine E. Bucklo |
| JAMES ARIKPO, | ) | |
| BILLI ALAKA, and | ) | Violations: Title 18, United States |
| JELIL ADAMS | ) | Code, Sections 1029(a)(2) and (b)(2). |
| | ) | SUPERSEDING INDICTMENT |
| | ) | |

COUNT ONE

FILED

J.N JUly 31, 2008

The SPECIAL JUNE 2007 GRAND JURY charges:

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

1.    At times material to this indictment:

a.    Washington Mutual Bank ("WaMu") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation. WaMu had bank facilities located throughout the United States.

b.    TCF Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation. TCF Bank had bank facilities located throughout in Illinois, Minnesota, Wisconsin, Colorado, and Indiana.

c.    Defendant JAMES ARKIPO was employed as a bank teller at the WaMu branch located at 41 North Wabash Avenue, Chicago, Illinois. As a bank teller, ARKIPO had access to WaMu customer information, including customers' names, account

1

numbers and social security numbers.

2.     From in or about April 2007, and continuing until in or about December 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES ARIKPO,
BILLI ALAKA,
and JELIL ADAMS,

defendants herein, conspired with each other and with Inyang Tomita, and with persons known and unknown to the Grand Jury, to commit offenses against the United States, namely to: knowingly and with intent to defraud traffic and use one or more unauthorized access devices, namely stolen bank account information, during any one year period, and by such conduct obtain things of value aggregating $1,000 or more during that period thereby affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and (b)(2).

3.     It was part of the conspiracy that defendant ARIKPO agreed to provide Co-conspirator A and defendant ADAMS with WaMu customer information in return for payment.

4.     It was further part of the conspiracy that defendant ARIKPO used his position as a bank teller at WaMu to access customer accounts and, without authority, obtain and record account information and personal identifiers, including customers' names, addresses, account numbers, and social security numbers.  Defendant ARIKPO then provided the account information and personal identifiers to Co-conspirator A and defendant ADAMS in

2

return for money.

5.    It was further part of the conspiracy that Co-conspirator A recruited defendant ALAKA to falsely pose as WaMu customers for the purpose of using the unlawfully obtained account information provided by defendant ARIKPO to make fraudulent withdrawals from those customers' accounts at WaMu branches located in the Chicago area.

6.    It was further part of the conspiracy that Co-conspirator A, defendant ALAKA, and defendant ADAMS used the account information provided by defendant ARIKPO to make unauthorized withdrawals at WaMu branches in the Chicago area and to make unauthorized on-line transfers through WaMu's website from those WaMu accounts to accounts controlled by Co-conspirator A, and defendant ADAMS, at other banks including TCF Bank, for their personal benefit and without the permission or authorization of the individuals from whose accounts the funds were transferred.

7.    It was further part of the conspiracy that Co-conspirator A and defendant ALAKA used the personal identifiers of WaMu customers provided by defendant ARIKPO to obtain false identification cards in the names of these WaMu account holders.  Co-conspirator A and defendant ALAKA then used the false identification cards to make unauthorized withdrawals from the WaMu accounts maintained by these customers.

## OVERT ACTS

8.    In furtherance of the conspiracy, and to effect the objects of the conspiracy defendants ARIKPO, ALAKA, ADAMS, and Co-conspirator A did commit the following

3

overt acts, among others, in the Northern District of Illinois, Eastern Division, and elsewhere:

        a.      From approximately April 2007 through October 2007, defendant ARIKPO accessed at least 75 customer accounts at WaMu and without authority recorded the customer information for these accounts including names, social security numbers, and account numbers. ARIKPO then provided this customer account information to Co-conspirator A or ADAMS in return for payment.

        b.      In or about May 2007, Co-conspirator A obtained a passport size photograph from ALAKA. Co-conspirator A used personal identifiers for Victim B, which were the personal identifiers of a WaMu customer that had been fraudulently provided by ARIKPO, and ALAKA's photograph to have a false identification card made in the name of Victim B.

        c.      From on or about May 29, 2007, to on or about May 30, 2007, at the WaMu branch located at 13023 South Ashland Avenue, Calumet Park, Illinois, ALAKA used a false identification card in the name of Victim B to fraudulently withdraw approximately $4,800 from Victim B's WaMu account without Victim B's knowledge or consent.

        d.      In or around May 2007, Co-conspirator A used personal identifiers for Victim C, which were the personal identifiers of a WaMu customer that had been fraudulently obtained and provided by ARIKPO, to obtain a false identification card in the name of Victim C with Co-conspirator A's photograph.

        e.      From on or about May 29, 2007, to May 30, 2007, at the WaMu branch

located at 13023 South Ashland Avenue, Calumet Park, Illinois, Co-conspirator A used the false identification card in the name of Victim C to fraudulently withdraw approximately $4,800 from Victim C's WaMu account without Victim C's knowledge or consent.

       f.     On or about August 8, 2007, defendant ADAMS opened a TCF Bank account in the name of Individual A for the purpose of receiving funds from WaMu accounts. On or about August 28, 2007, defendant ADAMS and Co-conspirator A without the authority of Victim A used the personal identification information fraudulently obtained from defendant ARIKPO to open an on-line WaMu account in the name of Victim A. Defendant ADAMS and Co-conspirator A used the on-line account at WaMu opened for Victim A to fraudulently transfer approximately $19,500 from the WaMu account of Victim A to the TCF Bank account in the name of Individual A. Once the funds had been received in the TCF Bank account, approximately $4,000 of the funds were transferred to Adams' account at TCF Bank.

       g.     In or around November 2007, defendant Adams used the personal identifiers obtained from defendant Arikpo to obtain an unauthorized credit card in the name of Victim F. In or around December 2007, defendant Adams used the unauthorized credit card in the name of Victim F to make unauthorized purchases at a Gucci store located at 900 North Michigan, Chicago, Illinois.

9.    It was further part of the conspiracy that defendants ARIKPO, ALAKA, ADAMS and Co-conspirator A did misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden the purposes of and acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT TWO

The SPECIAL JUNE 2007 GRAND JURY further charges:

On or about May 29, 2007, at Calumet Park, in the Northern District of Illinois, Eastern Division,

### BILLI ALAKA

defendant herein, knowingly and with intent to defraud did use one or more unauthorized access devices, namely stolen bank account information, during any one year period, and by such conduct obtain things of value aggregating $1,000 or more during that period thereby affecting interstate commerce, namely he used the Washington Mutual ("WaMu") account number for an account held in the name of Victim B to make an unauthorized withdrawal of approximately $2,400 from said WaMu account at a WaMu branch located at 13023 South Ashland Avenue, Calumet Park, Illinois;

In violation of Title 18, United States Code, Section 1029(a)(2).

7

## **COUNT THREE**

The SPECIAL JUNE 2007 GRAND JURY further charges:

On or about May 30, 2007, at Calumet Park, in the Northern District of Illinois, Eastern Division,

### BILLI ALAKA

defendant herein, knowingly and with intent to defraud did use one or more unauthorized access devices, namely stolen bank account information, during any one year period, and by such conduct obtain things of value aggregating $1,000 or more during that period thereby affecting interstate commerce, namely he used the Washington Mutual ("WaMu") account number for an account held in the name of Victim B to make an unauthorized withdrawal of approximately $2,100 from said WaMu account at a WaMu branch located at 13023 South Ashland Avenue, Calumet Park, Illinois;

In violation of Title 18, United States Code, Section 1029(a)(2).

## **COUNT FOUR**

The SPECIAL JUNE 2007 GRAND JURY further charges:

On or about June 5, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

### BILLI ALAKA

defendant herein, knowingly and with intent to defraud did use one or more unauthorized access devices, namely stolen bank account information, during any one year period, and by such conduct obtain things of value aggregating $1,000 or more during that period thereby affecting interstate commerce, namely he used the Washington Mutual ("WaMu") account number for an account held in the name of Victim E to make an unauthorized withdrawal of approximately $5,000 from said WaMu account at 1364 East 53rd Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT FIVE

The SPECIAL JUNE 2007 GRAND JURY further charges:

On or about June 6, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

### BILLI ALAKA

defendant herein, knowingly and with intent to defraud did use one or more unauthorized access devices, namely stolen bank account information, during any one year period, and by such conduct obtain things of value aggregating $1,000 or more during that period thereby affecting interstate commerce, namely he used the Washington Mutual ("WaMu") account number for an account held in the name of Victim E to make an unauthorized withdrawal of approximately $4,800 from said WaMu account at a WaMu branch located at 1364 East 53rd Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT SIX

The SPECIAL JUNE 2007 GRAND JURY further charges:

On or about June 7, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

### BILLI ALAKA

defendant herein, knowingly and with intent to defraud did use one or more unauthorized access devices, namely stolen bank account information, during any one year period, and by such conduct obtain things of value aggregating $1,000 or more during that period thereby affecting interstate commerce, namely he used the Washington Mutual ("WaMu") account number for an account held in the name of Victim E to make an unauthorized withdrawal for $4,800 from said WaMu account at a WaMu branch located at 1364 East 55th Street, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1029(a)(2).

## **COUNT SEVEN**

The SPECIAL JUNE 2007 GRAND JURY further charges:

On or about December 1, 2007, at Chicago, in the Northern District of Illinois,

Eastern Division,

### JELIL ADAMS,

defendant herein, knowingly and with intent to defraud did use one or more unauthorized

access devices, namely a fraudulently obtained credit card, during any one year period, and

by such conduct obtain things of value aggregating $1,000 or more during that period thereby

affecting interstate commerce, namely he used an American Express credit card held in the

name of Victim F to make an unauthorized purchase of approximately $4,485 from the Gucci

store located at 900 North Michigan, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1029(a)(2).

## **COUNT EIGHT**

The SPECIAL JUNE 2007 GRAND JURY further charges:

On or about December 1, 2007, at Chicago, in the Northern District of Illinois,

Eastern Division,

### JELIL ADAMS,

defendant herein, knowingly and with intent to defraud did use one or more unauthorized

access devices, namely a fraudulently obtained credit card, during any one year period, and

by such conduct obtain things of value aggregating $1,000 or more during that period thereby

affecting interstate commerce, namely he used a Mastercard credit card held in the name of

Victim F to make an unauthorized purchase of approximately $1,863 from the Gucci store

located at 900 North Michigan, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT NINE

The SPECIAL JUNE 2007 GRAND JURY further charges:

On or about December 3, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

JELIL ADAMS,

defendant herein, knowingly and with intent to defraud did use one or more unauthorized access devices, namely a fraudulently obtained credit card, during any one year period, and by such conduct obtain things of value aggregating $1,000 or more during that period thereby affecting interstate commerce, namely he used a Mastercard credit card held in the name of Victim F to make an unauthorized purchase of approximately $7,988 from the Gucci store located at 900 North Michigan, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1029(a)(2).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

14